MAYSON & HILL, *contra*, cited 50 *Ga.* 418; 31 *Ga.* 700; 81 *Ga.* 340; 31 *Ga.* 700; 77 *Ga.* 772.

---

HOUSTON v. CULVER, REYNOLDS & COMPANY.

The action being for employing an incompetent superintendent, and for negligence on the part of the superintendent in directing a hole to be drilled for blasting where a charge blast was already in, and there being no evidence either of the incompetency of the superintendent or that, if competent, he could by the use of proper diligence have known that the previous charge had not been exploded, the judgment of nonsuit was correct.

November 10, 1891.

Negligence. Master and servant. Nonsuit. Before Judge VAN EPPS. City court of Atlanta. March term, 1891.

Houston sued Culver, Reynolds & Company for damages from personal injuries which he alleged he received while working at a rock quarry conducted by them. At the close of the testimony for plaintiff the court granted a nonsuit, upon the ground that Peter Hill (whose connection with the matter will hereafter appear) and plaintiff were fellow-servants, and defendants were not liable for the negligence of Peter Hill; to which decision plaintiff excepted.

The testimony for plaintiff, so far as material, was to the following effect : He had been working at a rock quarry about ten days. Peter Hill was in charge of the quarry, and employed and discharged the hands. Some of the hands were drilling holes, some blasting and some hauling rocks. Peter Hill had control of all these men and directed when and where and how they should work. He fixed the pay of the men who worked there. On the day when plaintiff was injured, Hill directed him and the men who worked with him to drill a hole at a certain point, indicating the place. Plaintiff cleared away the rubbish, consisting of dirt and loose rock, and found a hole very near the place where Hill had directed him to drill the hole. Plaintiff had heard that a hole ought not to be drilled near an old hole and told Hill about the hole, and he directed plaintiff to drill in the old hole. They commenced drilling, plaintiff holding the drill and another man striking. Plaintiff was on his knees holding the drill close to the mouth of the hole, which was about two and a half feet deep when they commenced to drill. When they had got down to about three and a half feet from the top, there was an explosion which hurt plaintiff very badly. Culver, one of the firm, used to come to the

quarry two or three times a week and talk with Hill and give directions about the work, and another of the defendant firm used to pay off the hands Saturday evenings at the house of the third member of the firm. Plaintiff had worked in the quarry before, but not where dynamite was used; he knew nothing about dynamite, and relied upon the knowledge of Hill in working with it; did not know there was any dynamite in the hole. Three holes had been drilled and charged with powder and dynamite and the fuse lit to fire them off, but only two explosions were heard by a witness who testified as to this point, and Hill was told that it was thought all three had not fired. Hill said the dynamite had gone out at the bottom through the crevices in the rock. The witness did not think so because he heard only two explosions and could see no sign of the powder having blackened the rock at the bottom of the ledge, which he thought would have been there if the powder had gone out that way; but the witness yielded his opinion as he thought Hill knew more about it than he did. Hill then ordered that hole, which was full at the top, rimmed out about three feet and a second bottom put in above the point where the crevices would be. He then charged this hole again and fired it, and it did not break up the rock from the bottom but simply around the top, which was the condition of the hole when plaintiff commenced to drill in it. The explosion which injured plaintiff was of the dynamite below the second bottom which had never exploded. Culver discharged Hill when plaintiff was injured, and he has never worked there since until about a week before the trial.

CALHOUN, KING & SPALDING and J. T. PENDLETON, for plaintiff.

N. J. & T. A. HAMMOND, for defendants.

Lumpkin, Justice.

The declaration charges the defendants and their foreman with being negligent. The alleged negligence of Hill, the foreman or boss, consisted in removing the cap from the dynamite cartridge, thereby rendering it less liable to explode; "in recharging said hole and putting the charge below the said recharge and thus endeavoring to fire off said dynamite"; in not knowing that the charge of dynamite in the old hole had not been exploded; and in ordering the plaintiff to drill in said hole. The alleged negligence of the defendants consisted in knowingly employing an unskilled and incompetent foreman, and holding him out to the plaintiff as competent to direct the work of blasting.

From an examination of the evidence, the substance of which appears in the report, it will be seen that there is no proof that the cap was removed from the dynamite cartridge, or that this was an unusual or improper act in the operation of blasting. Nor is it shown that the method adopted on the second attempt to fire the unexploded dynamite, by putting in a "second bottom," charging the hole with powder and firing it, was not proper or would not ordinarily accomplish the desired result. Nor does it appear that Hill neglected any precautionary measure to ascertain whether the second effort to explode the dynamite had succeeded, or how by the use of proper diligence he could have known that fact. Consequently, to order the plaintiff to drill in the old hole was not shown to be an act of negligence.

As to the alleged negligence of the defendants in knowingly employing an incompetent foreman, there is not a particle of proof of Hill's incompetency, or of knowledge thereof on the part of the defendants. Such incompetency could not be inferred from his conduct in this transaction, because, as shown above, it was not proved to be in any respect negligent.

The evidence only shows that the plaintiff suffered a misfortune incident to the dangerous class of work in which he engaged. No one seems to have suspected that the dynamite was still unexploded at the time when the plaintiff was ordered to drill. Hill and Holden differed in opinion as to whether the first firing had sent off the dynamite; but after the explosion of the second charge of powder in the same hole, there appears no reason why either should think that the dynamite still lay there unexploded, not having "gone out at the bottom through the crevices or fissures in the rock," as Hill believed it had done on the first explosion. The plaintiff, as he alleges in his declaration, objected to drilling near the old hole, not because of any possible danger there, but because he "had been informed that a hole drilled too near to another hole that had been previously blasted was liable to be defective for the purpose of the blasting by reason of fissures liable to be made by the prior blasting in the rock."

There being no evidence of negligence on the part either of the foreman or of the defendants, the judgment of nonsuit was proper. The court below rested its judgment on the ground that the plaintiff and Hill were fellow-servants, and the defendants were not liable for the negligence of Hill. The plaintiff contends that Hill was the defendants' "general superintendent," standing in their place and representing them. The declaration calls him by the less pretentious designations of "foreman" and "boss," and it is not clear from the evidence that he was anything more at the time of the injury. It may be that the court rightly granted the nonsuit for the reason above stated. Whether this is true or not, on the evidence adduced by the plaintiff there could be no recovery.        *Judgment affirmed.*